Jones, J.,
delivered the opinion of the Court
This was all action on the case brought by the plaintiff, as.endorsee, against the defendants, as executors of the deceased, on a bill penal, made by one Davidson, to the deceased, and by him endorsed to the plaintiff. The first count in the declaration, states that the plaintiff, after the endorsement made to him, .had assigned the note to one James Evans, who brought suit thereon, against Davidson, the drawer, in Arkansas Territory, on which he obtained judgment.and execution, which execution' was returned by the Sheriff, nulla bona. The second count was on several money counts, to which, non-assumpsit was pleaded, and issue joined. To the first count, the .defendants demurred, which was sustained; whereupon, the plaintiff, in pursuance of leave granted, filed an amended declaration as to the first count, which varies hut little from the former count. To this amended count, the .defendants also demurred, which was overruled; whereupon, they, in pursuance of leave granted, pleaded non-assumpsit, and issue was joined; whereupon, the cause was submitted to the Court, on the tidal of which, a hill of exception was filed to the opinion of the Court, in rejecting the record of the judgment in Arkansas, as evidence to support the plaintiff’s action. The Court then gave judgment, that the defendants should recover against the plaintiff their costs and charges, in their de-fence expended; on which, the plaintiff brought his writ of error, and assigned the general error, to which in nullo est erratum was pleaded. The only judgment rendered in the cause below, is, that the defendants should recover their costs. The Court, as a jury, did not find whether Seawell, the testator, did, or did not assume; nor is there any finding as to the issues joined between the parties, nor have the Court rendered any judgment as to the matters in issue between them. The judgment, therefore, rendered by the Court below, for costs against the plaintiff, is erroneous; there being no judgment in chief, between the parties, as to the issues joined between them, so as to ground a judgment for costs.
The judgment of the Circuit Court is reversed, and the cause is remanded to that Court, with instructions to proceed to the trial thereof, on the issues joined between the parties, to judgment; and let the plaintiff recover against the defendants, his costs and charges in prosecuting his writ of error, to be levied of the estate of the deceased, in their hands to he administered.