MITCHELL, Respondent, v. PARKER, Appellant.

1. Although a New Madrid certificate should be obtained through fraud or mistake, it is not void; it is good as against the United States until it is annulled or set aside.

*Appeal from St. Louis Land Court.*

*Morehead*, for appellant.

I. The court erred in finding from the evidence that certificate No. 119 was legally issued and legally entered. On the injured land only one certificate could lawfully issue, and that was No. 118, the first issued. There can be no doubt that all the confirmations were on the same concession, and that both certificates issued on the same injured land. The same petition, same concession, same Spanish survey, same quantity, same description and boundary—Joseph Hunot, sr., on

one side—same notice of claim, and same dates, but acted on by the board on the same notice at different times, as the reference to the minutes show. When the first certificate issued, it operated a relinquishment of the injured land to the United States. (11 Mo. 126, 165.) The evidence did not show which of the Barsaloux owned the injured land. Watson's was the only evidence on that point. He says Grand Barsaloux owned ninety arpens *near* the village, and one hundred and fifty on the Lake St. Mary, and sold them both to Wash. He does not identify this land or speak of ninety arpens on Lake St. Mary. If it were attempted to infer that the one hundred and fifty arpens he speaks of was this land, it was the same located by certificate No. 118. There is no evidence showing that the title of Eugene, if he had any, passed to Eulalie, whether he died without issue and unmarried. Watson only says he died before Eulalie, nor is it proved whether the mother was living when Eugene died. The will was improperly admitted in evidence. (8 Mo. 427.) The plaintiff must recover on the strength of his title. (9 Mo. 488.)

Scott, Judge, delivered the opinion of the court.

This is an action in the nature of an ejectment. The defendant relies on no title in himself, but attempts to defeat the plaintiff's action by showing that there is no title in him. The plaintiff, in support of his title, produced a record from which these facts are gathered. On the 27th March, 1806, J. B. Barsaloux presented to the first board of the United States commissioners a claim for one hundred and fifty arpens of land. This claim is in these words: "John Baptiste Barsaloux claims one hundred and fifty arpens of land, situate in the district of New Madrid, by virtue of a grant from El Baron de Carondelet, dated May 12, 1792, to him, under the first section of the act of Congress." This was accompanied by a concession from the Spanish governor general, a survey, plat and field notes. On the last day named the board confirmed to Barsaloux one hundred and fifty arpens of land,

being the quantity contained within the limits described in the said certificate of concession. On the 9th August, 1809, the board confirmed to Barsaloux, or his legal representatives, ninety arpens, and ordered that the same be surveyed. This claim was in these words: "John Baptiste Barsaloux, claiming one hundred and fifty arpens of land, situated near Lake St. Mary, district of New Madrid, produces to the board a concession from the Baron de Carondelet, governor general, for six arpens front by fifteen in depth." For the proceedings on the claim as first entered reference is made to commissioners' minute book No. 1, p. 213 and 214; for this last claim reference is made to book No. 1, p. 214. It is not accompanied with any documents or papers, as appears from the records before us. On the 31st May, 1811, the board issued a certificate, No. 717, to the effect that Barsaloux, or his legal representatives, is entitled to a patent under the provisions of the fourth section of the act of Congress of March 3d, 1807, for ninety arpens of land. Afterwards, in pursuance to the act of 17th February, 1815, Recorder Bates took proof of the injury done to this tract, designated by certificate 717, and granted to R. Wash New Madrid certificate numbered 119, which certificate was located on the land on dispute.

The defendant, to show a want of title in the plaintiff, gave in evidence the claim of J. B. Barsaloux, first copied in this statement. It was an exact copy of that claim. The concession accompanying this claim, and the survey, plat and field notes, all seem to be copies or counterparts of those found in the plaintiff's record. The reference to the original books of the commissioners is the same as that made in the plaintiff's evidence. On the 18th of October, 1811, the board acting on this claim granted to J. B. Barsaloux one hundred and fifty of arpens under the provisions of the second section of the act Congress of 3d March, 1807, and granted therefor patent certificate number 1268. Afterwards, Recorder Bates took proof of the injury done to this tract designated in the patent certificate number 1268, and granted to R. Wash New Madrid certificate number 118. This certificate was located on lands on the north side of the Missouri river.

Barsaloux died having made his last will and testament, leaving two infant children, one of whom died unmarried. The survivor of them conveyed to R. Wash a tract of ninety arpens confirmed to her father, John Barsaloux; also a tract of one hundred and fifty arpens, confirmed to her father; both situated in New Madrid county, and subject to be relinquished for other lands by reason of having been injured by earthquake. There was evidence that there were two persons of the name of John Barsaloux in New Madrid county; one of them had no land. On this state of facts, the defendant maintains that the two confirmations being for the same parcel of land, there can be but one New Madrid certificate for it under the act of February 17, 1815, for the relief of the inhabitants of New Madrid; that the injured land having been relinquished to the United States by obtaining certificate No. 118, there was no authority in the officer to issue, nor any consideration for certificate 119—certificate No. 118 having been previously issued for the same land; consequently that certificate No. 119 is void and all proceedings under it, and being so they confer no title to R. Wash for the land in dispute.

From the view we take of this matter, it is not necessary for us to affirm or deny the truth of the facts assumed in this proposition. The inferences drawn from the facts we do not acknowledge to be correct. It may be that the two confirmations were for the same tract of land; that the two New Madrid certificates were for the same field, and that there were fraud and mistake in the proceedings, about which we give no opinion, and do not wish to be understood as insinuating there were any; yet the defendant is not entitled to withhold from the plaintiff the land in controversy.

It is true, if the proceedings under certificate No. 119 were regarded as nullities, the plaintiff would have no right to disturb the defendant in his possession. But there is a distinction between void and voidable acts. A matter which is voidable is effectual until it is avoided by him to whom it is prejudicial; so long as he acquiesces in the act, it is not for third persons to complain of its irregularity. But when an act is void it is as though it had not been done, and consequently it

can not be made to affect any one. The terms void and voidable are frequently confounded by law writers, they using the word void when speaking of an act which may be avoided by suit or plea. Admitting the certificate No. 119 was issued through mistake, and that it ought not to have been issued, yet, as it did issue, and was located, it conferred title as against the United States; and so long as their act is acquiesced in, it is not for strangers to interpose and say the government has been wronged. Until the government sees fit to vindicate its claim by setting aside the voidable act, it is not for third persons to interfere in its behalf. If one has been defrauded of his property by another, can a third person thereby acquire a right to the property as against the wrongdoer. This principle has been long recognized in this court. In the case of Stewart v. Rector & Rector, 1 Mo. 256, it was held that a New Madrid certificate obtained through fraud and mistake was not void, but only voidable, and that so long as it is not avoided it stands good to all intents and purposes.

We consider that the evidence was ample to show that J. B. Barsaloux, through whose heir and devisee Wash acquired title to the land injured by the earthquakes, was the owner of the lands, and that his daughter Eulalie had a right to convey the whole of it. There is no specific objection to the validity or authenticity of the will of Barsaloux; we can see no objection to it. Judge Ryland concurring, the judgment will be affirmed; Judge Leonard absent.

